

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 2115 | **DATE** | 4/21/2011 |
| **CASE TITLE** | Vicente & Cindy Arriaga vs. Wells Fargo Bank, N.A., et al. | | |

**DOCKET ENTRY TEXT**

Defendant E*TRADE's Motion to Dismiss Plaintiffs' Second Amended Complaint [94] is granted only as to Plaintiffs' Truth in Lending Act rescission claim. Defendant Draper and Kramer's Motion to Dismiss Plaintiffs' Second Amended Complaint [105] is granted only as to Plaintiffs' Truth in Lending Act rescission claim. Defendants Wells Fargo and MERS' Motion to Dismiss Plaintiffs' Second Amended Complaint [106] is granted only as to Plaintiffs' Truth in Lending Act rescission claim. This case is not terminated.

■ [ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Before the Court are Defendants Wells Fargo, Mortgage Electronic Registrations Systems ("MERS"), Draper and Kramer Mortgage Corporation ("Draper"), and E*TRADE's Motions to Dismiss Plaintiffs' Second Amended Complaint, filed pursuant to Federal Rule of Civil Procedure 12(b)(6). This Order only addresses Plaintiffs' rescission claim under the Truth in Lending Act ("TILA"). For the following reasons, Plaintiffs' TILA rescission claim against each Defendant is dismissed with prejudice.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Put differently, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. "Even after Twombly, courts must still approach motions under Rule 12(b)(6) by construing the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in [its] favor." Hecker v. Deere & Co., 556 F.3d 575, 580 (7th Cir. 2009) (quotations omitted). "Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." Venture Assocs. Corp. v. Zenith Data Sys. Corp., 987 F.2d 429, 431 (7th Cir. 1993).

Plaintiffs allege the following facts in their Second Amended Complaint. On July 18, 2005, Plaintiffs obtained from Draper a $328,000 mortgage loan ("Primary Loan"), secured by real property located at 2841 N. Springfield Avenue, Chicago, IL 95747 ("Subject Property"). Draper subsequently assigned the Primary Loan to Wells Fargo. On August 18, 2006, Plaintiffs obtained from E*TRADE a $70,000 home equity line of credit loan ("HELOC"), also secured by the Subject Property. On December 1, 2008, Wells Fargo filed a foreclosure action against Plaintiffs and E*TRADE in the Circuit Court of Cook County. See Wells Fargo Bank, NA v. Vicente Arriaga et al., No. 08 CH 44742, (Ill. Cir. Ct. 2008). Plaintiffs claim that the foreclosure action, which is still pending, was brought "in retaliation of our exercising the right to rescind." Pls.' Second Am. Compl. ¶ 4.

Plaintiffs allege that they timely exercised their right to rescind the Primary Loan when, on April 9, 2008, they

sent notice to cancel to Draper, MERS, and Wells Fargo. Id. ¶ 31. Similarly, Plaintiffs allege that they timely exercised their right to rescind the HELOC when, on March 11, 2009, they sent notice to cancel to E*TRADE. Id. ¶ 38. Plaintiffs state that, "at the time of our written notices we offered, and had the ability to tender the property or arrange a tender of proceeds." Id. ¶ 24. They further allege: "we were not behind on any payments of any kind when we sent the [Draper] Notice. . . . We had savings accounts and 401k's. We no longer have any of it. . . ." Id. ¶ 31. Plaintiff's now argue that, "[w]hether or not we currently have an ability to make tender to Draper or Etrade . . . should not be a matter of relevence [sic] here." Id. ¶ 24.

In response, all Defendants argue that Plaintiffs' rescission claim fails because Plaintiffs do not allege they can tender the proceeds of their loans. Further, Wells Fargo notes that Plaintiffs did not have the necessary funds when they first sought to rescind. Plaintiffs' April 9, 2008 rescission letter states, "[w]e don't have cash on hand to pay you [Wells Fargo] up front, and we are willing to secure a new loan." Wells Fargo & MERS Mot. Dismiss Pls' Second Am. Compl., Ex. D. While Plaintiffs do not attach this letter to their Second Amended Complaint, the Court may consider it on a motion to dismiss because Plaintiffs refer to it and it is central to their rescission claim. See Venture Assocs. Corp., 987 F.2d at 431. For the following reasons, Plaintiffs' argument that their present ability to tender is irrelevant is without merit.

Although it is true that, upon a notice of rescission, TILA generally requires that the creditor perform first by releasing its security interest, see 15 U.S.C. § 1635(b), there is "no absolute provision against conditioning rescission on some act by the borrower." Personius v. Homeamerican Credit, Inc., 234 F. Supp. 2d 817, 819 (N.D. Ill. 2002). The final sentence of 15 U.S.C. § 1635(b) provides that, "[t]he procedures prescribed by this subsection shall apply *except when otherwise ordered* by a court." 15 U.S.C. § 1635(b) (emphasis added). Indeed, "[i]t is now well settled that a court, in the exercise of its equitable discretion, as confirmed by the last sentence of § 1635(b), can condition rescission upon tender of the amounts previously advanced, leaving the security interest in place until the tender is made." AFS Fin., Inc. v. Burdette, 105 F. Supp. 2d 881, 881 (N.D. Ill. 2000) (citing Williams v. Homestake Mortg. Co., 968 F.2d 1137, 1142 (11th Cir. 1992)). While the Seventh Circuit has not addressed whether it is necessary to plead tender or the ability to tender under TILA, courts in this district have required tender for TILA rescission. See, e.g., AFS Fin., Inc., 105 F. Supp. 2d at 881; Personius, 234 F. Supp. 2d at 819; Tulumbuta v. Wilmington Fin., Inc., No. 09 C 4123, 2010 WL 1791271, at *2 (N.D. Ill. May 3, 2010); see also Yamamoto v. Bank of N.Y., 329 F.3d 1167, 1172 (9th Cir. 2003) ("In these circumstances, it cannot be that the security interest vanishes immediately upon the giving of notice. Otherwise a borrower could get out from under a secured loan simply by claiming TILA violations, whether or not the lender had actually committed any."); Large v. Conseco Fin. Serv. Corp., 292 F.3d 49, 54 (1st Cir. 2002) ("Neither the statute nor the regulation establishes that a borrower's mere assertion of the right of rescission has the automatic effect of voiding the contract."); Am. Mortg. Network, Inc. v. Shelton, 486 F.3d 815, 820-21 (4th Cir. 2007) ("Clearly it was not the intent of Congress to reduce the mortgage company to an unsecured creditor. . ."); but see Velazquez v. HomeAmerican Credit, Inc., 254 F. Supp. 2d 1043, 1045 (N.D. Ill. 2003) (holding that, unlike common law rescission, the rescinding party need not tender first under TILA).

Construing the Second Amended Complaint in the light most favorable to Plaintiffs, and drawing all possible inferences in Plaintiffs' favor, Plaintiffs fail, under the authority cited above, to state a claim for rescission under TILA. Plaintiffs do not allege that they have the present ability, or expect to have the present ability within a reasonable time, to tender the loan proceeds. To the contrary, Plaintiffs' Second Amended Complaint makes clear that they lack the ability to tender. Further, Plaintiffs' April 9, 2008 rescission letter states that Plaintiffs did not "have cash on hand to pay [Wells Fargo] upfront" when they sought to rescind the Primary Loan. Because Plaintiffs have failed to allege the ability to tender the proceeds of the loans at issue, the time has come to dismiss their TILA rescission claim with prejudice.

For the foregoing reasons, on the issue of Plaintiffs' TILA rescission claims only, Defendants' Motions to Dismiss are granted.

IT IS SO ORDERED.