Order Form (01/2005)

# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 2115 | **DATE** | 7/28/2011 |
| **CASE TITLE** | Vincent & Cindy Arriaga vs. Wells Fargo Bank, N.A., et al. | | |

**DOCKET ENTRY TEXT**

Plaintiffs' Motion for Clarification, Amendment, or Reconsideration of Order [120] is denied.

■ [ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Before the Court is Plaintiffs' Motion for Clarification, Amendment, or Reconsideration of Order, brought pursuant to Federal Rule of Civil Procedure 59(e). For the following reasons, Plaintiffs' motion is denied.

Federal Rule of Civil Procedure 59(e) provides: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Here, the Court entered judgment on April 21, 2011 and Plaintiffs filed this motion on June 2, 2011. As this exceeds the 28 day limit, Plaintiffs' motion is not timely filed under Rule 59(e).

When a motion to alter or amend a judgment under Rule 59(e) is filed more than 28 days after entry of judgment, it "automatically becomes a Rule 60(b) motion." Kiswani v. Phoenix Sec. Agency, Inc., 584 F.3d 741, 743 (7th Cir. 2009) (quoting Talano v. Nw. Med. Faculty Found. Inc., 273 F.3d 757, 762 (7th Cir. 2001)). Rule 60(b) permits relief from judgment when it is based on one of the following six specific grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).

Rule 60(b) is an extraordinary remedy "'designed to address mistakes attributable to special circumstances and not merely to erroneous applications of law.'" Eskridge v. Cook Cnty., 577 F.3d 806, 809 (7th Cir. 2009) (quoting Russell v. Delco Remy Div. of Gen. Motors Corp., 51 F.3d 746, 749 (7th Cir.

## STATEMENT

1995)). The district court may grant Rule 60(b) relief only "under the particular circumstances listed in the text of the rule." Russell, 51 F.3d at 749; see also United States v. Deutsch, 981 F.2d 299, 301 (7th Cir. 1992) (holding that Rule 60(b) motions "must be shaped to the specific grounds for modification or reversal found in 60(b) - they cannot be general pleas for relief"). "A legal error by the district court is not one of the specified grounds for [a Rule 60(b)] motion. In fact it is a forbidden ground." Marques v. Fed. Reserve Bank of Chi., 286 F.3d 1014, 1017-18 (7th Cir. 2002).

Plaintiffs have filed a lengthy motion asking that the Court clarify, amend, or reconsider numerous aspects of its April 21, 2011 Order. Along the way, Plaintiffs rehash numerous arguments but do not present new facts. Indeed, Plaintiffs do not allege any of the specific grounds for relief under Rule 60(b); there is no allegation of mistake, excusable neglect, newly discovered evidence, or fraud, to name a few. Plaintiffs' motion does little more than enumerate supposed errors and deficiencies in this Court's application of the law to the facts.

The rules governing federal courts provide Plaintiffs with the opportunity to make such a challenge, but that opportunity is through the appeals process. Rule 60(b) may not be used as a substitute for timely filing an appeal. To the contrary, "[t]he ground for setting aside a judgment under Rule 60(b) must be something that could not have been used to obtain a reversal by means of a direct appeal." Bell v. Eastman Kodak Co., 214 F.3d 798, 801 (7th Cir. 2000); see also Stoller v. Pure Fishing Inc., 528 F.3d 478, 480 (7th Cir. 2008) ("A Rule 60(b) motion is not a substitute for appeal, and thus [Plaintiff's] attempt to use it as such was appropriately rejected.").

The Court's April 21, 2011 Order addressed only Defendants' motions to dismiss Plaintiffs' Truth in Lending Act recession claims. The Court is yet to rule on the remaining issues in this case. In the interim, the Court encourages the parties to attempt settlement of this matter with fairness and justice.

Because Plaintiffs' motion is untimely under Rule 59(e) and improper under Rule 60(b), it is denied.
IT IS SO ORDERED.