# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 2115 | **DATE** | 2/2/2012 |
| **CASE TITLE** | Arriaga vs. Wells Fargo Bank, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiffs' Motion for Court Supervision of Deposition of Pro Se Plaintiffs and for Protective Order [144] is denied.

■[ For further details see text below.]

Docketing to mail notices.
*Copy to judge/magistrate judge.

## STATEMENT

Before the Court is Plaintiffs Vicente and Cindy Arriaga's ("Plaintiffs") Motion for Court Supervision of Deposition of Pro Se Plaintiffs and for Protective Order. For the following reasons, Plaintiffs' motion is denied. Both parties are admonished to comply with Federal Rule of Civil Procedure 30.

Plaintiffs first request that the depositions be "short to the point and supervised in Court." There is no basis for this request and it is therefore denied. The parties must comply with Rule 30, which, among other things, provides that, "[u]nless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours." Fed. R. Civ. P. 30(d)(1). Absent any agreement by the parties, Defendants must comply with this durational restriction. Plaintiffs' additional request to take the deposition over the phone or through written questions is without basis and is therefore denied. As the deposition proceeds, counsel for the Defendants must bear in mind that the Plaintiffs appear *pro se*. See, e.g., Consol. Rail Corp. v. Bangor & Aroostock R. Co., No. Civ. A 99-2832, 1999 WL 562761, at *2 (E.D. Pa. July 27, 1999) ("Counsel taking the deposition of a *pro se* party will be expected to exercise care, patience, understanding, and reasonable accommodation to such party by reason of the circumstance that the party is unlikely to be trained or skilled in the law.").

Plaintiffs next request that the Court allow them time to find an "affordable UNBIASED Spanish interpreter." Pl.s' Mot. For Court Supervision 4. Plaintiffs summarily state that they "cannot confide in any interpret[er] which may be provided by the deceitful Defendants." Id. at 3. In response, Defendants note that there is "no need for Plaintiffs to fear court reporters or an interpreter paid for by Defendants. The interpreter is required to swear, under oath, to translate the questions and responses accurately." Def.'s Joint Resp. In Opp. To Pl.s' Mot. For Court Supervision 1, n.3 There is no basis for Plaintiffs' request and it is therefore denied. Both parties are admonished that, in order to eliminate concerns of bias and reliability, the interpreter for Plaintiffs' depositions shall be certified. Plaintiffs are permitted to bring a certified interpreter of their choosing. Whichever party ultimately provides the interpreter shall bear the costs in the first instance. Costs may be revisited upon closing of the case. See Fed. R. Civ. P. 54(d).

## STATEMENT

Plaintiffs also request that their "private personal information obtained at any time by the Defendants be immediately redacted and protected at all times from public eye." Pl.'s Mot. For Court Supervision 4. The Court construes this as Plaintiffs' motion for a protective order. Plaintiffs have not complied with the Federal Rules governing protective orders. Rule 26(c)(1) requires that a motion for a protective order "must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." No such certification is included. Further, Plaintiffs have not carried their burden of establishing good cause for a protective order. "In order to establish good cause [for a protective order], there must be a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." Silva v. Fortis Benefits Ins. Co., 437 F. Supp. 2d 819, 827 (N.D. Ill. 2006). Plaintiffs have not presented particular and specific facts in this motion. The Court notes that Plaintiffs may ultimately move to file the deposition, or portions of the deposition, under seal. Plaintiffs may also meet and confer with Defendants to reach an agreement to designate certain information as "confidential" or for "attorneys' eyes only." At this time, Plaintiffs' request for a protective order is denied without prejudice.

Finally, Plaintiffs' request that Defendants disclose the identity of the notary public and disclose the "basis and subject mater of the depositions" is denied. There is no basis for these requests. Once again, the parties are admonished to comply with the Federal Rules governing depositions and privacy protection.

IT IS SO ORDERED.

FILED
2012 FEB -2 PM 2:45
CLERK
U.S. DISTRICT COURT