

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 09 C 2115 | DATE | 9/27/2012 |
| CASE TITLE | Arriaga vs. Wells Fargo Bank, et al. | | |

### DOCKET ENTRY TEXT

Plaintiffs' Motion for Clarification, Amendment, or Reconsideration of Order [129] is denied. Plaintiffs' Motion for Extension of Time [137] is denied as moot.

■ [ For further details see text below.]    Docketing to mail notices.

### STATEMENT

Plaintiffs Vicente and Cindy Arriaga ("Plaintiffs") filed an eight count complaint against multiple defendants alleging violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, the Real Estate Settlement and Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*, the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691 *et seq.*, and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, as well as quiet title and common law fraud claims. Before the Court is Plaintiffs' timely filed Federal Rule of Civil Procedure 59(e) motion requesting that the Court amend, clarify or reconsider dismissal of their TILA damages, ECOA, common law fraud (as to all Defendants except Draper and E*Trade), and quiet title claims. See Arriaga v. Wells Fargo Bank, N.A., No. 09 C 2115, 2011 WL 4738522 (N.D. Ill. Sept. 30, 2011). For the following reasons, the motion is denied.

Rule 59(e) allows a court to alter or amend a judgment only if the petitioner can demonstrate "a manifest error of law or fact or present newly discovered evidence." Boyd v. Tornier, Inc., 656 F.3d 487, 492 (7th Cir. 2011). To succeed on a Rule 59(e) motion, the movant must "clearly establish" one of the aforementioned grounds for relief. Harrington v. City of Chi., 433 F.3d 542, 546 (7th Cir. 2006). When the basis for relief is a manifest error of law, the movant must bring to the Court's attention the "wholesale disregard, misapplication, or failure to recognize controlling precedent." Oto v. Metro. Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000) (quotation omitted). "Manifest errors of law are the 'rare' instances where 'the Court has patently misunderstood a party . . . or has made an error not of reasoning but of apprehension.'" Am. Safety Cas. Ins. Co. v. City of Waukegan, 776 F. Supp. 2d 670, 718 (N.D. Ill. 2011) (quoting Bank of Waunakee v. Rochester Cheese Sales, 906 F.2d 1185, 1191 (7th Cir. 1990)). A Rule 59(e) motion is not an avenue to rehash arguments already considered and rejected by the Court. Id. (citing Oto, 224 F.3d at 606). Nor does it allow a party to "advance arguments that could have and should have been presented to the district court prior to the judgment." United States v. Resnick, 594 F.3d 562, 568 (7th Cir. 2010).

Plaintiffs first argue that the Court erred in finding that they failed to plead equitable estoppel as a basis upon which to toll the statute of limitations under TILA. Plaintiffs' motion presents the same arguments that the Court previously considered and rejected. Plaintiffs repeatedly refer back to facts and arguments set out in "our pleadings throughout this case," Pls.' Mot. to Reconsider 2, and again argue that their lack of knowledge of the law should excuse their delay, id. ("To Plaintiff, it seems unreasonable for this Court to infer that consumer Plaintiffs had a duty

to instantly pursue studies in Mortgage Business and Law. . . ."). Plaintiffs' motion does not present any newly discovered evidence and it does not present any manifest errors of law. Plaintiffs' motion to reconsider dismissal of their TILA damages claims, as well as their request that the Court clarify or amend its opinion, is denied.

Plaintiffs next request that the Court reconsider dismissal of their ECOA claim against Draper. Plaintiffs claim that Draper failed to provide them with a copy of the appraisal report, in violation of 15 U.S.C. § 1691e. Pursuant to § 1691e(f), no action under the ECOA shall be brought "later than two years from the date of the occurrence of the violation." 15 U.S.C. § 1691e(f). In finding the ECOA claim to be untimely, the Court explained, "Plaintiffs' final written request was sent, at the latest, on or about September 1, 2005. Under ECOA regulations, Draper had thirty days to respond, meaning that the cause of action accrued on or about October 1, 2005. Plaintiffs did not file the initial complaint in this case until April 6, 2009, well over two years after the ECOA cause of action accrued." Arriaga, 2011 WL 4738522 at *8. While Plaintiffs' argue that their ECOA claim "should be equitably tolled to the date upon which we were enabled to discover that wrongful conduct had occurred," Pls.' Mot. to Reconsider 5, their motion presents no evidence to support such a finding. As set forth in the September 30 Order, Plaintiffs would have known that their cause of action accrued when no appraisal arrived after they submitted their request. Once again, the fact that ECOA regulations are "tricky" or that Plaintiffs "had no way to find out" about them, Pls.' Reply to Defs.' Joint Resp. 3, does not provide a basis upon which to toll the statute of limitations. Plaintiffs motion to reconsider dismissal of the ECOA claim against Draper is denied.

Plaintiffs also argue that the Court should reconsider their dismissed fraud claims against MERS, Draper (as they relate to MERS), and Wells Fargo. However, Plaintiffs' motion merely takes umbrage with the Court's ruling and rehashes their rejected arguments. With respect to Draper and MERS, Plaintiffs contend that the Court's citation to In re Mortgage Electronic Registration Sys. (MERS) Litigation, 744 F. Supp. 2d 1018, 1029 (D. Ariz. 2010), was improper because that case is distinguishable. While the Arizona case certainly involved distinguishable facts, the citation was not in error. The nature of the MERS system is no different in this case than it was in the Arizona case, which explained that the system is not fraudulent. Numerous courts throughout the county have agreed. See, e.g., Kiah v. Aurora Loan Servs., LLC, No. 10-40161-FDS, 2011 WL 841282, at *7 n.9 (D. Mass. Mar. 4, 2011) (collecting cases). With respect to Wells Fargo, the Court held that Plaintiffs failed "to establish a basis for the claim, let alone to plead the identity of the person(s) who made the misrepresentation(s) or the time or specific content of the misrepresentations." Arriaga, 2011 WL 4738522 at *11. Plaintiffs' motion raises no new facts and reasserts the same arguments that the Court previously rejected. Plaintiffs' motion to reconsider the dismissed fraud claims is denied.

Finally, Plaintiffs request that the Court vacate its dismissal of their quiet title claims and rule that the Draper and E*Trade mortgage transactions be "rendered void and the debts unenforceable due to those predatory lenders' frauds." Pls.' Mot. to Reconsider 10-12. There is nothing new in Plaintiffs' motion, however, to justify reconsideration of the Court's ruling. Plaintiffs' factual allegations cannot support a finding that Defendants' mortgage interest is "unfounded" or "inequitable." Plaintiffs' motion to reconsider the quiet title ruling is therefore denied.

In sum, Plaintiffs fail to demonstrate a manifest error of law or present newly discovered evidence. To the extent that the motion proffers any additional evidence, "the plaintiffs made no showing that this evidence was newly discovered or previously unavailable." Seng-Tiong Ho v. Taflove, 648 F.3d 489, 505-06 (7th Cir. 2011). Rule 59(e) does not entitle Plaintiffs to reargue their case. See Odanuyi v. Scott, 41 F. App'x 854, 860 (7th Cir. 2002) ("This Court's opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." (quoting Quaker Alloy Casting Co. v. Gulfco Indus., Inc., 123 F.R.D. 282, 288 (N.D. Ill. 1988)). While Plaintiffs are clearly disappointed with the result, "[a] 'manifest error' is not demonstrated by the disappointment of the losing party." Oto, 224 F.3d at 606. Because Plaintiffs have not demonstrated a basis for relief under Rule 59(e), their Motion for Clarification, Amendment, or Reconsideration is denied.

IT IS SO ORDERED.