

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 2115 | **DATE** | 3/27/2013 |
| **CASE TITLE** | Vicente Arriaga, et al. vs. Wells Fargo Bank, N.A., et al. | | |

**DOCKET ENTRY TEXT**

Defendant Draper & Kramer Mortgage Corp.'s Motion for Summary Judgment [186] is granted.

■[ For further details see text below.]

*Charles Norgle*

Docketing to mail notices.

---

## STATEMENT

Plaintiffs Vicente and Cindy Arriaga (collectively, "Plaintiffs") sue Defendant Draper & Kramer Mortgage Corp. ("DKMC") for fraud pursuant to Illinois common law. Before the Court is DKMC's Motion for Summary Judgment. For the following reasons, the motion is granted.

As an initial matter, the Court notes that, although DKMC provided Plaintiffs with a Notice to Pro Se Litigants Opposing Summary Judgment in accordance with Local Rule 56.2, Plaintiffs filed one pleading in response to the motion titled, "Plaintiffs' Response to Defendant Draper and Kramer Mortgage Corp.'s Local Rule 56.1 Statement/Memo in Opposition to DKMC's Motion for Summary Judgment." The Court construes this pleading as a response memorandum. Because pro se Plaintiffs have failed to properly contest DKMC's Statement of Uncontested Facts with citation to admissible evidence, DKMC's facts are deemed admitted. See LR 56.1(b)(3)(B); see also Jupiter Aluminum Corp. v. Home Ins. Co., 225 F.3d 868, 871 (7th Cir. 2000) ("An answer that does not deny the allegations in the numbered paragraph with citations to supporting evidence in the record constitutes an admission." (internal quotation marks and citation omitted)); see also Carr v. Beth, 465 F. App'x 567, 570 (7th Cir. 2012) ("Although we construe pro se briefs liberally, we will not craft litigants' arguments for them."); Dale v. Poston, 548 F.3d 563, 568 (7th Cir. 2008) ("Judges, of course, must construe pro se pleadings liberally. But procedural rules cannot be ignored.").

"Summary judgment is appropriate when 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Northfield Ins. Co. v. City of Waukegan, 701 F.3d 1124, 1128 (7th Cir. 2012) (quoting Fed. R. Civ. P. 56(a)); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." Egonmwan v. Cook Cnty. Sheriff's Dep't, 602 F.3d 845, 849 (7th Cir. 2010) (internal quotation marks and citation omitted). The Court views the evidence and draws all reasonable inferences in the light most favorable to the nonmoving party. Benuzzi v. Bd. of Educ. of City of Chi., 647 F.3d 652, 656 (7th Cir. 2011) (citing Groesch v. City of Springfield, Ill., 635 F.3d 1020, 1022 (7th Cir. 2011)). If the nonmovants "[are] unable to 'establish the existence of an element essential to [their] case, and on which [they] will bear the burden of proof at trial,' summary judgment must be granted." Benuzzi, 647 F.3d at 662 (quoting Celotex Corp., 477 U.S. at 322).

On May 25, 2005, Plaintiffs applied for a second or refinanced mortgage through First Security National. During the application process, Plaintiffs allege that they spoke with Craig Opper over the telephone. Craig Opper was at no time an employee of DKMC, but rather is believed to be an employee of First Security National. As part of their loan application, Plaintiffs signed and submitted a "Good Faith Estimate" to First Security National on July 18, 2005. First Security National then submitted Plaintiffs' application and supporting documents to DKMC for underwriting of the loan. One of the supporting documents submitted to DKMC by First Security National was an appraisal of the subject property. After processing the application, DKMC approved Plaintiffs' loan for funding. On

July 18, 2005, the loan closed and Plaintiffs signed the mortgage application for the second mortgage to DKMC.

At Plaintiffs' depositions on April 23, 2012 and April 25, 2012, they testified regarding the appraisal submitted to DKMC by First Security National as part of the supporting documents of the mortgage application—the appraisal which forms the basis for Plaintiffs' fraud claim against DKMC. Cindy Arriaga testified that she did not see a copy of the appraisal at issue until it was turned over in discovery at the commencement of the instant suit. She further testified that Craig Opper made representations regarding the appraisal, not DKMC itself. Vicente Arriaga testified that, although he could not recall the exact date on which he first saw the appraisal, he believes that it was some time after closing. He further testified that he did not know whether the appraisal was accurate.

Plaintiffs allege that "[b]y knowingly misrepresenting and concealing the true value of the Plaintiffs' real estate, Draper fraudulently induced the Plaintiffs into accepting a mortgage refinance of our home, rendering the home unsaleable [sic] even for the bare amount of the mortgage . . . and putting at instant risk our financial security and personal property without our then realizing it." Second Am. Compl. ¶ 62. Specifically, Plaintiffs claim that Craig Opper, who they believed to be an employee of DKMC, told them that their property had sufficient value to borrow against, when in fact he and DKMC knew that the appraisal was inflated in order to qualify Plaintiffs for the loan. "To state a fraud claim under Illinois law, a plaintiff must allege that the defendant: (i) made a false statement of material fact; (ii) knew or believed the statement to be false; (iii) intended to and, in fact, did induce the plaintiff to reasonably rely and act on the statement; and (iv) caused injury to the plaintiff." Reger Dev., LLC v. Nat'l City Bank, 592 F.3d 759, 766 (7th Cir. 2010) (citing Redarowicz v. Ohlendorf, 441 N.E.2d 324, 331 (Ill. 1982)).

First, DKMC argues that Plaintiffs failed to establish a fraudulent statement of fact because the appraisal at issue is a mere estimate and opinion of the value of the property, not a fact. In Illinois,

> statements as to the value of property are often treated as mere expressions of opinion and, if so intended and understood, fraud may not be predicated thereon. . . . 'However, where the representation as to value is not a mere expression of opinion but is made as a statement of fact for the listener to rely upon, the representation is treated as a statement of fact and the speaker is bound thereby.'

Sampen v. Dabrowski, 584 N.E.2d 493, 496 (Ill. App. Ct. 1991) (quoting Duhl v. Nash Realty, Inc., 429 N.E.2d 1267, 1272 (Ill. App. Ct. 1981)). Here, the appraisal clearly states that the value is an estimate and that it is based, *inter alia*, on the opinion of the appraiser. DKMC's Local Rule 56.1 Statement of Uncontested Facts Ex. 5. Therefore, as an expression of opinion, not fact, the appraisal is insufficient to form the basis of Plaintiffs' fraud claim.

In any event, Plaintiffs fail to show that they relied on the appraisal in entering the loan. Indeed, the undisputed facts show that Plaintiffs never saw the appraisal until <u>after</u> they entered into the loan with DKMC. Because Plaintiffs admit that they did not see the appraisal before or at the time that they entered into the loan, they cannot claim to have reasonably relied on the information in the appraisal to their detriment when entering into the loan. Plaintiffs fail to present evidence of fraud to support their claim against DKMC, and therefore DKMC is entitled to judgment as a matter of law.

For the foregoing reasons, the Court grants summary judgment in favor of DKMC.

IT IS SO ORDERED.



U.S. DISTRICT COURT
CLERK

2013 MAR 27 PM 4:10