IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

VICENTE ARRIAGA and CINDY ARRIAGA, )
)
Plaintiffs, )
) No. 09 CV 2115
v. )
) Hon. Charles R. Norgle
WELLS FARGO BANK, N.A., et al., )
)
Defendants. )

## OPINION AND ORDER

Plaintiffs Vicente and Cindy Arriaga (collectively, "Plaintiffs") sue Defendant Wells Fargo Bank N.A. ("Wells Fargo") for violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq.*, and violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.* Before the Court is Wells Fargo's Motion for Summary Judgment. For the following reasons, the motion is granted.

## I. BACKGROUND

### A. Local Rule 56.1

As an initial matter, the Court notes that, although Wells Fargo provided Plaintiffs with a Notice to Pro Se Litigants Opposing Summary Judgment in accordance with Local Rule 56.2, Plaintiffs filed one pleading in response to the motion titled, "Plaintiffs' Response to Defendant Wells Fargo Bank, NA's Local Rule 56.1 Statement/Memo and Motion for Summary Judgment." The Court construes this pleading as a response memorandum. Because pro se Plaintiffs failed to properly contest Wells Fargo's Statement of Undisputed Material Facts with citation to admissible evidence, Wells Fargo's facts are deemed admitted. See LR 56.1(b)(3)(B); see also Jupiter Aluminum Corp. v. Home Ins. Co., 225 F.3d 868, 871 (7th Cir. 2000) ("An

answer that does not deny the allegations in the numbered paragraph with citations to supporting evidence in the record constitutes an admission." (internal quotation marks and citation omitted)); see also Carr v. Beth, 465 F. App'x 567, 570 (7th Cir. 2012) ("Although we construe pro se briefs liberally, we will not craft litigants' arguments for them."); Dale v. Poston, 548 F.3d 563, 568 (7th Cir. 2008) ("Judges, of course, must construe pro se pleadings liberally. But procedural rules cannot be ignored.").

## B. Facts

The undisputed facts are as follows. In July of 2005, Plaintiffs obtained a refinanced residential mortgage on their subject property from co-defendant Draper & Kramer Mortgage Corp. ("DKMC"). A promissory note in the amount of $328,000 was executed by Plaintiffs and delivered to DKMC on July 18, 2005. Along with the note, Plaintiffs conveyed a mortgage to DKMC on July 18, 2005. An allonge attached to the promissory note includes an endorsement from DKMC to Wells Fargo. DKMC assigned both the note and the mortgage to Wells Fargo, which Wells Fargo thereafter recorded in the Cook County Recorder's Office. In 2005, Plaintiffs began making monthly payments to Wells Fargo. Plaintiffs ceased making payments in July of 2008. As a result, Wells Fargo initiated a suit for foreclosure against Plaintiffs in state court on December 1, 2008. Plaintiffs admit that, although they have now purchased a second property, to date, they are still living in the subject property on which they have not made a mortgage payment since July of 2008.

On April 9, 2008, Plaintiffs sent a letter to Wells Fargo, demanding that it rescind their loan pursuant to the Truth in Lending Act ("TILA"). Rescission did not occur and the Court ultimately dismissed Plaintiffs' claims for rescission with prejudice on April 21, 2011. Meanwhile, once Plaintiffs stopped making payments to Wells Fargo in July of 2008, Wells

2

Fargo began reporting their loan as delinquent. In response, Plaintiffs began to send notices to the credit reporting agencies ("CRA") in August of 2008, disputing Wells Fargo's claim that their loan was delinquent, and further stating that the subject loan had been "cancelled by rescission"—when in fact the loan was not rescinded. Wells Fargo's Statement of Undisputed Material Facts Ex. 10. The various CRA's responded to Plaintiffs' inquiries, advising them that Wells Fargo had confirmed and verified the debt. Nevertheless, Plaintiffs continued to send letters to the CRA's requesting that the agencies re-investigate their claims that had previously been verified. It is undisputed that after defaulting on the subject loan, Plaintiffs were denied credit by Geico, Sears, and HSBC Bank USA, N.A., and other potential creditors.

In addition to the aforementioned activity, Plaintiffs began writing letters to Wells Fargo in February of 2006 regarding, *inter alia*, the origination of their loan. Relevant here, are seven of those letters. On February 6, 2006, Plaintiffs sent Wells Fargo a letter regarding their 2005 property taxes. On December 30, 2006, Plaintiffs sent a letter to Wells Fargo requesting documents from the appraisal and loan origination with DKMC. On March 1, 2007, Plaintiffs sent Wells Fargo a letter disputing charges on their account, to which Wells Fargo thereafter responded. Plaintiffs sent Wells Fargo a letter on August 15, 2007, seeking responses to their previous letters. On December 30, 2007, Plaintiffs sent Wells Fargo a letter once again seeking all documents relating to the origination of their re-financed loan. On June 1, 2008, Plaintiffs sent a letter to Wells Fargo indicating that they had rescinded their loan. Finally, on November 24, 2008, Plaintiffs sent a letter to Pierce & Associates, counsel for the loan servicer, disputing the validity of the subject mortgage.

## II. DISCUSSION

### A. Standard of Decision

"Summary judgment is appropriate when 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Northfield Ins. Co. v. City of Waukegan, 701 F.3d 1124, 1128 (7th Cir. 2012) (quoting Fed. R. Civ. P. 56(a)); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." Egonmwan v. Cook Cnty. Sheriff's Dep't, 602 F.3d 845, 849 (7th Cir. 2010) (internal quotation marks and citation omitted). The Court views the evidence and draws all reasonable inferences in the light most favorable to the nonmoving party. Benuzzi v. Bd. of Educ. of City of Chi., 647 F.3d 652, 656 (7th Cir. 2011) (citing Groesch v. City of Springfield, Ill., 635 F.3d 1020, 1022 (7th Cir. 2011)). If the nonmovants "[are] unable to 'establish the existence of an element essential to [their] case, and on which [they] will bear the burden of proof at trial,' summary judgment must be granted." Benuzzi, 647 F.3d at 662 (quoting Celotex Corp., 477 U.S. at 322).

### B. Fair Credit Reporting Act

First, Plaintiffs claim that Wells Fargo violated the FCRA by "furnish[ing] inaccurate information concerning the nature of the mortgage debt" to the CRA's. Second Am. Compl. ¶¶ 93-94. Pursuant to the FCRA, "[a] person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate." 15 U.S.C. § 1681s-2(a)(1)(A). Plaintiffs bring a claim against Wells Fargo pursuant to 15 U.S.C. § 1681s-2(b), which mandates that

> '[a]fter receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided' to a

consumer reporting agency, the furnisher must conduct an investigation regarding the disputed information and report the results to the agency. If the investigation concludes that a disputed item is inaccurate or cannot be verified, the furnisher must promptly modify, delete, or block the reporting of that information.

Hukic v. Aurora Loan Servs., 588 F.3d 420, 434 (7th Cir. 2009) (quoting 15 U.S.C. § 1681s-2(1)). Here, it is undisputed that, upon challenge by Plaintiffs, Wells Fargo confirmed and verified the debt with the CRA's, and thereby satisfied the requirements of the FCRA. Moreover, the loan was in fact delinquent beginning in July of 2008, notwithstanding Plaintiffs false statements regarding rescission, and therefore the information that Wells Fargo reported to the CRA's regarding Plaintiffs' loan was not inaccurate at any point in time. See Westra v. Credit Control of Pinellas, 409 F.3d 825, 827 (7th Cir. 2005) ("Whether a defendant's investigation is reasonable is a factual question normally reserved for trial; however, summary judgment is proper is the reasonableness of the defendant's procedures is beyond question." (internal citation omitted)).

Plaintiffs also allege that Wells Fargo violated § 1681b(f) by making "'hard inquiries' into the Plaintiffs consumer credit profiles." Second Am. Compl. ¶ 95. Section 1681b(f) provides that "[a] person shall not use or obtain a consumer report for any purpose unless . . . the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section." 15 U.S.C. § 1681s(f)(1). Wells Fargo argues that, as a creditor obtaining Plaintiffs' consumer report in connection with the collection of the outstanding loan, it had a permissible purpose under § 1681s(a) to obtain Plaintiffs' credit report. The Court agrees. Section 1681s(a)(3)(A) specifically allows a party to obtain a consumer report if it "intends to use the information in connection with . . . [the] review or collection of an account of, the consumer." 15 U.S.C. § 1681s(a)(3)(A). Therefore, Wells Fargo had a permissible purpose to make inquiries about Plaintiffs' consumer credit report because it was doing so in connection

5

with the collection of Plaintiffs' delinquent loan held by Wells Fargo. Accordingly, Wells Fargo is entitled to summary judgment on all of Plaintiffs' FCRA claims.

## C. Real Estate Settlement Procedures Act

Lastly, Plaintiffs allege that Wells Fargo violated RESPA by failing to properly respond to their qualified written requests ("QWR"). RESPA requires servicers of a federally related mortgage loan to respond in writing to a QWR from the borrower seeking information relating to the servicing of the subject loan. A QWR is

> a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that (i) includes, or otherwise enables the servicer to identify the name and account of the borrower; and (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

12 U.S.C. § 2605(e)(B). Plaintiffs seek damages pursuant to § 2605(f) which provides for "actual damages to the borrower as a result of the failure" and "any additional damages . . . not to exceed $1,000." 12 U.S.C. § 2605(f).

Wells Fargo argues that the letters sent by Plaintiff are not QWR's and therefore it did not violate RESPA by failing to respond in writing. Although "[a]ny reasonably stated written request for account information can be a qualified written request," that information must be related to the servicing of the borrower's loan account. Catalan v. GMAC Mortg. Corp., 629 F.3d 676, 687 (7th Cir. 2011); see also 12 U.S.C. § 2605(e). Here, it is undisputed that all but one of the letters sought information regarding the origination of the loan and appraisal with DKMC, not the servicing of the loan with Wells Fargo. Therefore, those letters not seeking information regarding Plaintiffs' account with Wells Fargo or the servicing of their loan do not qualify as QWR's under the act.

Plaintiffs' March 1, 2007 letter inquiring about charges on their account could be construed as a QWR. While Wells Fargo responded to the inquiry by telephone, it failed to respond in writing as required by the statute. However, Wells Fargo argues that Plaintiffs fail to establish any damages resulting from the alleged RESPA violation and are therefore unable to maintain a claim under the statute. See id. at 694 (stating that damages are essential for Plaintiffs to prove their RESPA claim).

Wells Fargo states that the only damages Plaintiffs have allegedly suffered are the denial of credit from various lenders, such as Sears and Geico. However, it is well settled that "simply being denied a loan that would have to be repaid would not be sufficient by itself to prove damages; the plaintiffs would need to show further damages resulting from the loan denial." Id. at 695 n.9. Because Plaintiffs only allege denial of further credit, they fail to establish damages resulting from Wells Fargo's alleged RESPA violation and Wells Fargo is entitled to judgment as a matter of law.

### III. CONCLUSION

For the foregoing reasons, the Court enters summary judgment in favor of Wells Fargo on all remaining claims.

IT IS SO ORDERED.

ENTER:

_____
CHARLES RONALD NORGLE, Judge
United States District Court

DATE: March 27, 2013