*JH*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

VICENTE ARRIAGA and CINDY ARRIAGA, )
 )
   Plaintiffs, )
 ) No. 09 CV 2115
   v. )
 ) Hon. Charles R. Norgle
WELLS FARGO BANK, N.A., et al., )
 )
   Defendants. )

## ORDER

Defendant E*TRADE Bank's Motion for Summary Judgment on Count VII of Plaintiffs' Second Amended Complaint [210] is granted. The Clerk shall enter judgment pursuant to Federal Rule of Civil Procedure 58.

## STATEMENT

   Plaintiffs Vicente Arriaga and Cindy Arriaga ("Plaintiffs") allege one remaining claim for fraudulent inducement/misrepresentation against Defendant E*TRADE Bank ("E*TRADE"). Before the Court is E*TRADE's motion for summary judgment. For the following reasons, the motion is granted.

   "Summary judgment is appropriate when 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Northfield Ins. Co. v. City of Waukegan, 701 F.3d 1124, 1128 (7th Cir. 2012) (quoting Fed. R. Civ. P. 56(a)); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." Egonmwan v. Cook Cnty. Sheriff's Dep't, 602 F.3d 845, 849 (7th Cir. 2010) (internal quotation marks and citation omitted). The Court views the evidence and draws all reasonable inferences in the light most favorable to the nonmoving party. Benuzzi v. Bd. of Educ. of City of Chi., 647 F.3d 652, 656 (7th Cir. 2011) (citing Groesch v. City of Springfield, Ill., 635 F.3d 1020, 1022 (7th Cir. 2011)). "Summary judgment is appropriate if the nonmoving party 'fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" Majors v. Gen. Elec. Co., 714 F.3d 527, 532 (7th Cir. 2013) (quoting Celotex Corp., 477 U.S. at 322).

   As an initial matter, the Court notes that on March 26, 2013, E*TRADE's previous motion for summary judgment was stricken for failure to timely serve Plaintiffs with a Local Rule 56.2 Notice to Pro Se Litigant Opposing Summary Judgment. On March 27, 2013, E*TRADE filed the instant motion, along with the requisite Local Rule 56.2 notice, which, *inter*

*alia*, explains the consequences of failing to respond to a motion for summary judgment. Nevertheless, Plaintiffs failed to file a response to the instant motion. While "pro se litigants . . . can be excused from full compliance with technical procedural rules provided there is substantial compliance," here, there has been no compliance of any kind. Norfleet v. Walker, 684 F.3d 688, 691 (7th Cir. 2012). Therefore, because Plaintiffs failed to respond, the facts presented in E*TRADE's Local Rule 56.1 Statement in Support of Its Motion for Summary Judgment On Count VII of Plaintiffs' Second Amended Complaint are deemed admitted to the extent that they are supported by evidence in the record. See N.D. Ill. L.R. 56.1(b)(3)(C) ("All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party."); see also Keeton v. Morningstar, Inc., 667 F.3d 877, 880 (7th Cir. 2012) ("[W]hen a party fails to comply with the local rule requiring a response to a statement of undisputed material facts, the court may rely on the opposing party's statement to the extent that it is supported by citations to relevant evidence in the record." (citing Fed. Trade Comm'n v. Bay Area Bus. Council, Inc., 423 F.3d 627, 634 (7th Cir. 2005))). "However, a nonmovant's failure to respond to a summary judgment motion, or failure to comply with Local Rule 56.1, does not, of course, automatically result in judgment for the movant." Keeton, 667 F.3d at 884. E*TRADE "must still demonstrate that it is entitled to judgment as a matter of law." Id.

The undisputed facts are as follows. On July 18, 2005, Plaintiffs obtained a mortgage loan in the amount of $328,000.00 from Draper and Kramer Mortgage Corp. This mortgage was recorded with Cook County on July 29, 2005. Eventually, on November 24, 2008, Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Draper and Kramer Mortgage Corp., assigned the mortgage to Wells Fargo Bank, N.A.

On August 18, 2006, Plaintiffs applied for a home equity line of credit ("HELOC") from E*TRADE. On August 29, 2006, an appraisal of the subject property was conducted by Ibis Associates, P.C. ("Ibis"). According to this appraisal, the estimated value of the subject property was $451,000. In order to assess Plaintiffs' HELOC application, E*TRADE obtained a copy of Ibis's appraisal of the subject property.

On August 31, 2006, E*TRADE issued a HELOC loan to Plaintiffs in the amount of $70,000.00, which was secured by a mortgage (the "HELOC mortgage") on the subject property. The HELOC mortgage was recorded with Cook County on October 24, 2006. In September of 2006, E*TRADE disbursed HELOC loan funds totaling $60,097, which were used to pay Plaintiffs' pre-existing creditors. From September 2006 through September 2008, Plaintiffs made periodic withdrawals and payments on the HELOC loan. Plaintiffs last made a payment on the loan on September 2, 2008, in the amount of $400.00. As of March of 2009, the balance owed on the HELOC loan was $69,792.16.

On September 30, 2010, Plaintiffs filed their Second Amended Complaint, alleging that E*TRADE fraudulently induced Plaintiffs to enter into the HELOC mortgage by "inflat[ing] the value of [their] home and invent[ing] equity that did not exist in order to make it seem that [they] were qualified for a HELOC." Second Am. Compl. ¶ 88. Further, Plaintiffs allege that representatives from E*TRADE failed to inform them that the HELOC loan "was actually a personal loan" that they could be "subject to financial recourse." Id. ¶¶ 88-89.

Under Illinois law, Plaintiffs bear the burden of proving: (1) that E*TRADE made "a false statement of material fact"; (2) that E*TRADE "did so knowing or believing the statement to be false"; (3) that E*TRADE "made the statement with the intent to induce [Plaintiffs] to act"; (4) "that [Plaintiffs] took action in justifiable reliance on the truth of the statement"; and (5) that Plaintiffs "suffered damage as a result of [their] reliance on the statement." Integrated Genomics, Inc. v. Gerngross, 636 F.3d 853, 863 (7th Cir. 2011) (citing Doe v. Dilling, 888 N.E.2d 24, 35-36 (Ill. 2008)).

With respect to the first factor, E*TRADE argues that Plaintiffs fail to establish that the appraisal conducted by Ibis—assuming that the Ibis appraisal can be attributed to E*TRADE and that an appraisal marketed as an opinion can be actionable as fraud—was a false statement of material fact. See Sampen v. Dabrowski, 584 N.E.2d 493, 496 (Ill. App. Ct. 1991) ("[G]enerally a mere expression of opinion will not support an action for fraud and . . . statements as to the value of property are often treated as mere expressions of opinion and, if so intended and understood, fraud may not be predicated thereon."). Because Plaintiffs present no evidence that the $451,000.000 appraisal was false or otherwise inaccurate, they fail to establish that the appraisal constitutes a false statement of material fact. However, Plaintiffs also contend that E*TRADE misrepresented that the HELOC loan was not actually a home equity loan because collection could be pursued beyond the subject property. This allegation is belied by the record. First, Plaintiff Cindy Arriaga admitted in her deposition that, to the extent that any representations were made as to the HELOC mortgage being a personal loan, the statements occurred in 2008—two years after Plaintiffs entered into the loan. Second, Plaintiffs agreed to the written terms of the HELOC loan documents when they signed them and, therefore, Plaintiffs are deemed to have knowledge of the terms, including all potential recourse. See Faulkenberg v. CB Tax Franchise Sys., LP, 637 F.3d 801, 809 (7th Cir. 2011) ("In Illinois, a party to a contract is charged with knowledge of an assent to a signed agreement." (citing Melena v. Anheuser-Busch, Inc., 847 N.E.2d 99, 108 (Ill. 2006))). Third, to the extent that Plaintiffs argue that it is improper or beyond the scope of a home equity loan to seek recourse beyond the subject property in the event of a deficiency—such as a garnishment of Plaintiffs' wages—Plaintiffs misapprehend the law and the terms of the contract which they signed. Illinois is not a non-recourse state, and "foreclosure of a mortgage does not affect a mortgagee's rights, if any, to obtain a personal judgment against any person for a deficiency." 735 Ill. Comp. Stat. 5/15-1511; see also Armour & Co. v. Mid-Am. Protein, Inc., 344 N.E.2d 639, 641 (Ill. App. Ct. 1976) ("[A] mortgagee may obtain a personal judgment against the mortgagor for a deficiency in the mortgage foreclosure proceeding."). Accordingly, Plaintiffs fail to meet their burden to establish that E*TRADE made a false statement of material fact.

Plaintiffs likewise fail to present any evidence as to the remaining four factors. Plaintiffs fail to establish: (1) that E*TRADE believed that the appraisal or any of its alleged statements were false; (2) that E*TRADE made any alleged statements with the intent to induce Plaintiffs to enter into the HELOC mortgage; (3) that they relied on the appraisal—indeed Plaintiffs admit that they never saw the appraisal before entering in the HELOC mortgage; and (4) that they suffered damage by relying on the appraisal and/or any statements made by E*TRADE when they entered into the loan and received the funds which they requested, but were later unable to pay back. Because Plaintiffs fail to meet their prima facie burden to establish a claim for fraudulent inducement/misrepresentation, E*TRADE is entitled to judgment as a matter of law.

3

For the foregoing reasons, summary judgment is granted in favor of E*TRADE.

IT IS SO ORDERED.

ENTER:

CHARLES RONALD NORGLE, Judge
United States District Court

DATE:  October 1, 2013