

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### 219 SOUTH DEARBORN STREET
### CHICAGO, ILLINOIS 60604

**THOMAS G. BRUTON**
CLERK

312-435-6860

October 4, 2021

**In re: Arriaga et al v. Wells Fargo Bank, NA et al, Case No. 09 CV 02115**

Vicente Arriaga
2841 N. Springfield
Chicago, IL 60618

Cindy Arriaga
2841 N. Springfield
Chicago, IL 60618

Robert Jerald Emanuel
Noonan & Liebereman, Ltd.
105 West Adams
Suite 1800
Chicago, IL 60603
United Sta
312-431-1455
Email:
remanuel@noonanandlieberman.com

Jennifer Rojas
Deutsch, Levy & Engel
225 W. Washington
Suite 1700
Chicago, IL 60606
312 853-8458
Email: rojas@dlec.com

Matthew M. Kovalcik
Pilgrim Christakis LLP
321 N. Clark Street
26th Floor
Chicago, IL 60654
312-280-0442
Email: matthew.kovalcik@piblaw.com

John Joseph Lydon
Gomberg Sharfman P.C.
208 South LaSalle Street
Suite 1410
Chicago, IL 60604
(312) 332-6194
Email: lydonj@gsgolaw.com

Nazia J. Hasan
Office of the Cook County State's Attorney
500 Richard J. Daley Center
Chicago, IL 60602
(312) 603-3618
Email: nazia.hasan@cookcountyil.gov

Craig Allen Varga
Whyte Hirschboeck Dudek S.C.
125 South Wacker Drive
Suite 2150
Chicago, IL 60606-4473
(312) 341-9400
Email: cvarga@whdlaw.com

Jonathan N. Ledsky
Husch Blackwell LLP
120 South Riverside Plaza
Suite 2200
Chicago, IL 60606-4473
(312) 655-1500
Email:
jonathan.ledsky@huschblackwell.com

Mary Kate Sullivan
SEVERSON & WERSON a Professional
Corporation
One Embardadero Center, Suite 2600
San Francisco, CA 94111
(415) 677-5607
Email: mks@severson.com

Scott J Helfand
Husch Blackwell LLP
120 South Riverside Plaza
Suite 2200
Chicago, IL 60606-4473
(312) 655-1500
Email: scott.helfand@huschblackwell.com

Dear Litigants and Counselors,

I have been contacted by Judge Charles R. Norgle, Sr, who presided over the above-mentioned case.

Judge Norgle informed me that it has been brought to his attention that while he presided over the case, he owned stock in Wells Fargo & Company. His ownership of stock neither affected nor impacted his decisions in this case. However, his stock ownership would have required recusal under the Code of Conduct for United States Judges, and thus, Judge Norgle directed that I notify the parties of the conflict.

Advisory Opinion 71, from the Judicial Conference Codes of Conduct Committee, provides the following guidance for addressing disqualification that is not discovered until after a judge has participated in a case:

> [A]judge should disclose to the parties the facts bearing on disqualification as soon as those facts are learned, even though that may occur after entry of the decision. The parties may then determine what relief they may seek, and a court (without the disqualified judge) will decide the legal consequence, if any, arising from the participation of the disqualified judge in the entered decision.

Although Advisory Opinion 71 contemplated disqualification after a Court of Appeals oral argument, the Committee explained "[s]imilar considerations would apply when a judgment was entered in a district court by a judge and it is later learned that the judge was disqualified."

With Advisory Opinion 71 in mind, you are invited to respond to Judge Norgle's disclosure of a conflict in this case. Should you wish to respond, please submit your response on or before October 18, 2021. Any response will be considered by another judge of this court without the participation of Judge Norgle.

Sincerely,

Thomas G. Bruton
Clerk of Court